IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MONTANA DIVISION

| | |
|---|---|
| THOMAS E. STRAIGHT,<br><br>Plaintiff,<br><br>vs.<br><br>MONTANA STATE, et al.,<br><br>Defendants. | Cause No. CV 10-00040-M-DWM-JCL<br><br>RECOMMENDATION AND ORDER TO DENY MOTION TO PROCEED IN FORMA PAUPERIS |

This matter comes before the Court on Plaintiff Thomas Straight's Motion to Proceed In Forma Pauperis (Court Doc. 1) and a proposed Complaint submitted pursuant to 42 U.S.C. § 1983. (Court Doc. 2).

Permission to proceed in forma pauperis is discretionary with the Court. *See* 28 U.S.C. § 1915(a). The Court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). But the court has broad discretion in denying an application to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), cert. denied, 375 U.S.

845, 84 S.Ct. 97, 11 L.Ed.2d 72 (1963). "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).

A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (quotation omitted). This requirement demands "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. 544. A complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007)(quoting *Bell*, 127 S.Ct. at 1964 (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957))).

Straight is a state prisoner proceeding pro se. He alleges the State of Montana, Flathead County, Kitty Curtis, and his public defender Sean Hinchey violated his Fifth and Fourteenth Amendment protections against double jeopardy when his probation was revoked in 2009 and he was sent back to prison.

Straight is seeking to challenge his conviction and imprisonment. This he cannot do with a civil complaint. In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States Supreme Court held that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal," or otherwise declared invalid, called into question by the issuance of a habeas writ, or expunged. *Id.*

As Straight is currently incarcerated on the charges he is complaining about, the Court can only assume his conviction has not been reversed, declared invalid, expunged, or called into question. Thus, he has failed to state a claim upon which relief may be granted.

-3-

This is not a defect which could be cured by amendment.

The only way Straight can challenge his conviction in federal court is with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Clerk of Court will be directed to provide Straight with the appropriate forms for filing a federal habeas petition. Straight is advised there is a one-year federal statute of limitations for filing a federal habeas petition. See 28 U.S.C. § 2244(d).[1]

Therefore, the Motion to Proceed in Forma Pauperis should be denied. While the Court ordinarily gives litigants an opportunity to

---

[1] 28 U.S.C. § 2244(d) provides: (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

pay the $350.00 filing fee, to do so in this case would be futile. The Court has determined the allegations fail to state a claim. Even if the filing fee were paid, the case would still be subject to dismissal.

Because Straight is not entitled to a ten-day period to object, this Order will be entered directly upon endorsement. *See Minetti v. Port of Seattle, 152 F.3d 1113, 1114 (9th Cir. 1998)* (per curiam). No motion for reconsideration will be entertained.

Based on the foregoing, the Court **RECOMMENDS** the following Order be issued by Judge Molloy.

DATED this 23rd day of April, 2010.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

Based upon the above Recommendation by Judge Lynch, the Court issues the following:

## ORDER

1. Straight's Motion to Proceed in Forma Pauperis (Court Doc. 1) is **DENIED**.

2. The Clerk of Court is directed to close this case.

3. The Clerk of Court is directed to provide the appropriate forms for filing a federal habeas petition pursuant to 28 U.S.C. § 2254.

DATED this 30th day of April, 2010.

/s/ Donald W. Molloy
DONALD W. MOLLOY
United States District Judge